**Billy Ray PAMPLIN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 5059.**

United States Court of Appeals,
Tenth Circuit.

April 1, 1955.

Billy Ray Pamplin, pro se.

John F. Raper Jr., Cheyenne, Wyo., and C. N. Bloomfield, Jr., Cheyenne, Wyo., on the brief, for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from an order of the United States District Court of the District of Wyoming, denying a motion under Section 2255, Title 28 U.S.C.A., to vacate the judgment and sentence imposed upon the petitioner as a juvenile delinquent.

The record shows that the petitioner was apprehended in the District of Wyoming for the interstate transportation of a stolen automobile in violation of 18 U.S.C.A. § 2312, and assault with a dangerous weapon in violation of 18 U.S.C.A. § 111. After a conference with the sentencing judge in chambers, the petitioner formally consented to be charged by information and proceeded against as a juvenile delinquent under the Federal Juvenile Delinquency Act, 18 U.S.C.A. § 5031 et seq.

The information charged the interstate transportation of a stolen motor vehicle from Dallas, Texas to Teton National Park in Wyoming on January 9, 1953, when the petitioner was seventeen years of age. When the petitioner appeared with his co-defendant in open court, the sentencing judge referred to the conference in chambers and observed that petitioner had heretofore consented to be charged by information and proceeded against as a juvenile delinquent, and then advised the petitioner of the nature of the charge against him and explained that he was entitled to benefit of counsel if he so desired. When the petitioner stated that he did not wish the assistance of counsel, the case

was referred to the probation officer for a pre-sentence report. After the pre-sentence report, in which petitioner's prior record of juvenile delinquency was recited in detail, the petitioner was again called in open court and the nature of the charges explained. After having answered that he knew of no reason why sentence should not be imposed, the court pronounced the sentence which the petitioner now seeks to vacate, on the grounds that he was denied the effective assistance of counsel as a person of immaturity.

Section 5032, Title 18 U.S.C.A. provides in effect that a juvenile facing charges for the violation of the laws of the United States not punishable by death or life imprisonment, and not surrendered to the authorities of a state, "shall be proceeded against as a juvenile delinquent if he consents to such procedure * * *", and that "In such event the juvenile shall be proceeded against by information and no criminal prosecution shall be instituted for the alleged violation." Section 5033, Title 18 U.S.C.A. provides that the district courts of the United States shall have jurisdiction of proceedings against juvenile delinquents; and further provides that for such purposes, the court may convene at any time within the district "in chambers or otherwise"; and that "the proceeding shall be without a jury"; that the requisite consent of the delinquent shall be in writing before the judge having cognizance of the alleged violation; the judge "shall fully apprise the juvenile of his rights and of the consequences of such consent"; and that "such consent shall be deemed a waiver of a trial by jury."

Having consented to be proceeded against as a juvenile delinquent, petitioner waived a trial by jury and consented to be dealt with by the court as provided by the statute. The record clearly shows that he was advised of all of his rights, and that the motion to vacate is wholly without merit.

The judgment is affirmed.